No: 2426
Second Circuit Appeal

**POLICE JURY OF WINN PARISH v. W. T HEFLIN, SHERIFF, ET AL.**

(June 30, 1925, Referred to Supreme Court)
(See 159 La. —, 105 South. 377.)

---

Appeal from Eighth Judicial District Court of Louisiana, Parish of Winn. Hon. F. E. Jones, Trial Judge.

Harry Fuller, attorney for plaintiff, appellant.

A. Leonard Allen, of Winnfield, Hawthorn & Stafford, of Alexandria, attorneys for defendants, appellees.

The Police Jury of Winn Parish sued the sheriff and treasurer of that parish to recover $1605.75 alleged to have been paid by the latter to the former out of the sheriff's salary fund in the parish treasury.

From a judgment sustaining an exception of no cause of action and dismissing its suit, the Police Jury appeals to this court.

The members of the court, pursuant to Section 25 of Article VII of the Constitution of 1921 hereby certify the case to the Honorable Supreme Court for instructions in the premises.

The petition alleges:

That the $1605.75 was paid as additional expense money for the year 1924, over and above the $3500.00 salary and $4500.00 expense allowance fixed by Act No. 156 of 1920 as amended by Act No. 86 of 1924;

That it was demanded by the sheriff and paid by the treasurer on a requisition approved by the District Judge and by the supervisor of public accounts after the president of the police jury had refused to approve the same, because, in his judgment, it was not necessary;

That no emergency existed and such additional expense, if needed at all, was for the performance of the usual and ordinary duties of the office;

That, in fact, said additional expense was not necessary;

That the law does not authorize the supervisor of public accounts to decide disagreements between the District Judge and the president of the Police Jury respecting the sheriff's expense account, except disagreements in case of emergency;

That except in cases of emergency the law does not authorize either the District Judge, the president of the Police Jury or the supervisor of public accounts to approve requisitions for additional expense money after the expense has been in-

curred but only before it has been in-curred; and

That as the expenses challenged in this case were incurred for the year 1924 and the approval of the supervisor of public accounts obtained February 11, 1925, such approval was unauthorized and illegal.

Upon this petition and exception this court submits the following questions:

## I.

Is the supervisor of public accounts authorized to decide disagreements between the District Judge and the president of the Police Jury as to the sheriff's need of additional expense money in the absence of an emergency?

## II.

If so, the absence of an emergency being alleged, were the judge and supervisor authorized to approve the requisition made after the expense had been incurred or could they do so only before it was incurred?

## III.

If not authorized to grant the approval after the expense was incurred, can the Police Jury sue for the amount demanded by the sheriff and paid by the treasurer on an approval made after incurring the expense?

## IV.

If so, should recovery be had against the treasurer as well as the sheriff?

A copy of the petition and exception are annexed hereto to show more fully the claim of the plaintiff.

Respectfully submitted,

Fred M. Odom,

J. E. Reynolds,

M. H. Carver,

Judges of the Court of Appeal, Second Circuit.